UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:23-cv-_____

**GERARDO CANO ARGUETA,** an individual, and **ADRIAN CONEJO,** an individual, on behalf of themselves and others similarly situated,

        **Plaintiffs,**

v.

**SELLAN STRUCTURAL ERECTORS, LLC**, and **GIORGIO SELLAN,** an individual,

        **Defendants.**

---

# COMPLAINT

## INTRODUCTION

1. Plaintiffs Gerardo Cano Argueta and Adrian Conejo ("Plaintiffs") worked as welders for Defendants' construction business. When they worked overtime hours, they, like their coworkers, were paid at straight time rates. To challenge these and other wage violations, Plaintiffs bring this action, by and through their attorneys, against Defendants Sellan Structural Erectors, LLC, and Giorgio Sellan, an individual, on behalf of themselves and others similarly situated to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").Plaintiffs also brings conversion claims based on the willful underpayments as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

provided for by state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' construction company whose headquarters is located at 1414 S Jason St, Denver, CO 80223.

## PARTIES

### Defendant Sellan Structural Erectors, LLC

5. Defendant **Sellan Structural Erectors, LLC** (hereinafter "SSE") is a corporation doing business within Denver County, whose principal place of business is located at 1414 S Jason St, Denver, CO 80223. Its registered agent is listed with the Colorado Department of State as Giorgio Sellan at the same address.

6. At all relevant times, Defendant SSE had annual gross revenues in excess of $500,000.

7. This should not be in dispute. Defendants employ about 50 people at any given time so their revenues would have to be in excess of $500,000 a year, likely by quite a bit.

8. At all relevant times, Defendant SSE was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 2

9. At all times material to this action, Defendant SSE was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA and the CWCA.

**Defendant Giorgio Sellan**

10. Defendant Giorgio Sellan, an individual, resides in Colorado.

11. Defendant Sellan is the CEO and/or president of Sellan Steel LLC.

12. Defendant Sellan has an ownership interest in and/or is a shareholder of SSE.

13. At all times material to this action, Defendant Sellan actively participated in the business of the corporation.

14. At all times material to this action, Defendant Sellan exercised substantial control over the functions of the company's employees including Plaintiffs. For example, he had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

15. At all times material to this action, Defendant Sellan was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Gerardo Cano Argueta**

16. Plaintiff Gerardo Cano Argueta is a resident of Colorado.

17. Plaintiff Cano Argueta worked for SSE as a welder from October 1, 2021, to April 17, 2023, or thereabouts.

18. At all times material to this action, Plaintiff Cano Argueta was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

19. Plaintiff Cano Argueta was paid on an hourly basis. He started at $24 an hour and about a year into his employment received a raise to $25 an hour.

20. Defendants paid Plaintiff Cano Argueta, and others similarly situated, once a week.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 3

21. Plaintiff Cano Argueta regularly worked more than 40 hours a week, typically around 50 hours a week. Normally he would start working at around 6:00am. End times varied but 6:00pm would be around when he would stop. He usually worked 6 days per week, typically Monday through Friday, sometimes Saturday and Sunday.

22. Plaintiff Cano Argueta's paychecks appear to cover a two week period. Thus, for example, he received a paycheck with a stated pay period of 11/5/2021-11/18/2021 for 50 hours, for which he was paid $24 an hour ($1200 gross) with no overtime premiums. The following week he received a paycheck with a stated pay period of 11/12/2021 – 11/25/2021 for 43 hours, for which he was paid $24 an hour ($1032 gross) with no overtime premiums.

23. Defendants did not pay Plaintiff for drive time between jobs.

24. Supervisors would log Plaintiff's work time on a form, but sometimes would misrepresent the quantity of hours reflected as him having worked on a given day.

**Plaintiff Adrian Conejo**

25. Plaintiff Adrian Conejo was at relevant times a resident of Colorado but currently is working on jobs out of state.

26. Plaintiff Conejo worked for SSE for about a year, from October 1, 2021, to October 1, 2022, or thereabouts. First he was an installer and later became a welder.

27. At all times material to this action, Plaintiff Conejo was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

28. Conejo's most recent rate of pay was $26.00 per hour.

29. Conejo estimates that generally he worked approximately 60 hours per week.

30. Plaintiff Conejo typically started work at 7:00 AM and his stop time would vary. He usually worked 6 days per week, typically Monday through Friday, and Saturday.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 4

31. Plaintiff Conejo regularly worked more than 40 hours a week.

32. While working in this capacity, Plaintiff Conejo's time worked was recorded on a log kept by his supervisor.

33. On Plaintiff Conejo's paystubs from 2022, he was paid at a "straight time" rate of $26 for all hours worked even when he worked more than 40 hours. For example, on one paycheck listing a pay period of 4/22-28/2022, he received $26 per hour times 60 hours for gross pay of $1,560.

34. Thus, Plaintiff Conejo was not paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

35. When Plaintiff Conejo complained about not receiving overtime pay, his supervisor told him that the company didn't pay overtime.

**FLSA Collective Plaintiffs**

36. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all hourly employees employed by Defendants on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

37. Plaintiffs foresee others in the same situation to join the collective.

38. Upon information and belief, all of the Defendants' hourly workers were paid at a straight time rate for their overtime work and are subject to common or substantially similar policies and procedures.

39. The FLSA Collective Plaintiffs are similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 5

40. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via methods approved by the Court.

**Rule 23 Class**

41. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all hourly employees employed by Defendant on or after the date six years before the filing of the instant Complaint within the state of Colorado (the "Colorado Class Plaintiffs").

42. The number of, and identities of, the individuals comprising the Colorado Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Colorado Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

43. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than fifty (50) individuals in the proposed Colorado Class.

44. Plaintiff Cano Argueta estimates that at any given time the company employs about 50 people; plus, there is turnover.

45. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

46. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Colorado Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 6

Defendant as alleged herein. There was nothing special about the Named Plaintiffs that caused them to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiffs in the same way. Though the exact amounts may differ, Plaintiffs and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

47. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving manual laborers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

49. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 7

50. Further, any current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the Colorado requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

51. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

    a. Whether workers were underpaid for their overtime work;

    b. Whether Defendants failed to pay workers for all compensable time;

    c. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

    d. Whether Defendants' conduct was willful;

    e. Whether Defendants maintained true and accurate time and payroll records; and

    f. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

52. Plaintiffs and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

***Failure To Pay Time Overtime Properly***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 8

53. Defendants failed to compensate Plaintiffs and others similarly situated employees at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

***Record-Keeping Failures***

54. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

55. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

56. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiff and other similarly situated employees in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

57. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

58. As a result of the violations by Defendant of the FLSA, the Plaintiffs and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

59. Plaintiffs and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 9

60. The Defendants were Plaintiffs' "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

61. Each Plaintiff was Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

**Failure to Pay Weekly Overtime Premiums**
(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))

62. Plaintiffs and others similarly situated have worked more than 40 hours at least some workweeks.

63. Defendants s not pay the Plaintiffs and others similarly situated overtime premiums for hours worked over 40 in each workweek.

64. As a result, Plaintiffs and others similarly situated have suffered lost wages and lost use of those wages in an amount to be determined at trial.

65. Plaintiffs and others similarly situated is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

66. Defendants violated the CWA as implemented by the COMPS, when they failed to pay the Plaintiffs and others similarly situated overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

67. For any and all time worked by all Plaintiffs and others similarly situated, or to be credited to all them during a workweek, Plaintiffs and others similarly situated are entitled to pay at their regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay Wages When Due**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 10

**(Violation of the C.R.S. § 8-6-103)**

68. The Defendants failed to pay Plaintiffs and others similarly situated all their earned wages when due, as alleged above.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

69. Plaintiffs (and some of the others similarly situated) have been separated from employment with Defendants.

70. Defendants have failed to pay the separated Plaintiffs all their wages and compensation earned during their employment.

**Improper Deductions**
**(Violation of the C.R.S. § 8-4-105)**

71. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

**Failure to Pay Wages In Response to Wage Demand**
**(Violation of the C.R.S. § 8-6-109)**

72. Plaintiff Cano Argueta, through counsel, issued a Demand for Payment of Wages notice dated August 3, 2023.

73. In his wage letter, he demanded $29,220 for back pay, plus additional amounts related to his claims for FLSA liquidated damages, state law conversion claims, attorney fees and costs.

74. Defendant tendered $29,220 in response to this demand, that has been deposited into and remains in the firm's COLTAF (trust) account.

75. For any owing wages remaining unpaid for Plaintiff Conejo or others similarly situated after 14 days Defendants owes statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 11

*Damages*

76. Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

77. Plaintiffs and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

78. Pursuant to COMPS #36, § 8.4, willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

79. By failing to pay the Plaintiffs and others similarly situated all of their wages or compensation, Defendants have committed theft of services.

80. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiffs and others similarly situated for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 12

(B) Certify Counts II and III as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C) Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the CWCA; and

(D) Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E) Award Plaintiff and others similarly situated statutory damages as provided for the CWCA; and

(F) Award Plaintiffs a service award for their role as "Named Plaintiffs"; and

(G) Award Plaintiff and others similarly situated interest; and

(H) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(I) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **6th** day of **November, 2023.**

ANDERSONDODSON, P.C.

s/ Penn Dodson
**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.

Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 13

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.

Executed on  11/2/2023                        at  Chattanooga, TN
                   (date)                              (city or other location, and state)

Gerardo Cano Argueta                              [signature]
Printed Name of Plaintiff                         Signature of Plaintiff

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.

Executed on _____ at _____
                   (date)                              (city or other location, and state)

_____                          _____
Printed Name of Plaintiff                         Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Cano Argueta v. Sellan Steel*
USDC, District of Colorado

Complaint
Page 14

### VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.

Executed on _____ at _____
            (date)                      (city or other location, and state)

_____                  _____
Printed Name of Plaintiff               Signature of Plaintiff

### VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.

Executed on 11/6/2023 at Denver, Colorado
            (date)        (city or other location, and state)

Adrian Conejo                           [DocuSigned by: 8125F15D58C34AF...]
Printed Name of Plaintiff               Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Cano Argueta v. Sellan Steel
USDC, District of Colorado

Complaint
Page 14