IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02930-SKC-STV

ADRIAN CONEJO, and
ERICK ONTIVEROS MOLINA,
*on behalf of themselves and all others similarly situated*,

      Plaintiffs,

v.

SELLAN STRUCTURAL ERECTORS, LLC, *et al.*,

      Defendants.

---

## ORDER RE: PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION (DKT. 33)

---

Plaintiffs Adrian Conejo and Erick Ontiveros Molina previously worked for Defendants Sellan Structural Erectors, LLC, Sellan Steel LLC, and Giorgio Sellan, as installers and welders. Dkt. 25 at ¶26,37.[1] According to the allegations, Plaintiffs regularly worked more than 40 hours in a work week, but Defendants structured their paychecks such that Plaintiffs were never properly paid overtime wages. *Id.* at ¶¶31, 33-35, 41, 43.

---

[1] The following facts are taken from Plaintiffs' Amended Complaint and are presumed to be true for purposes of this Motion. The Court uses "Dkt. __" to refer to entries from the electronic CM/ECF docket.

Plaintiffs filed this action on November 6, 2023, asserting—as relevant here—that Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay its construction workers overtime compensation for time worked over 40 hours per workweek. *Id.* at ¶¶60-66. They also assert causes of action for various violations of the Colorado Wage Act and conversion. *Id.* at ¶¶67-85. They assert their FLSA claims on behalf of themselves and members of a collective, *id.* at ¶44, and now seek conditional certification and approval of their *Hoffman-LaRoche* Notice and proposed distribution methods. Dkt. 33. Defendants do not challenge Plaintiffs' proposed parameters for the collective or the proposed *Hoffman-LaRoche* Notice. Rather, they argue Plaintiffs should be limited to notifying individuals who have worked for Defendants three years prior to the filing of the complaint instead of Plaintiffs' proposed six years. Dkt. 35. They also contend Plaintiffs should be limited to disseminating notice by mail and that the opt-in period should be limited to 45 days. *Id.*

The Court has carefully reviewed the Motion, the related briefing, and the applicable law. No hearing is necessary. For the reasons discussed below, the Motion is granted in part.

## ANALYSIS

### A.    Legal Standard

Section 216(b) of the FLSA, allows collective actions for minimum wage or overtime violations. 29 U.S.C. § 216(b). Under the statute, "a covered employer must

pay its employees for the time that it employs them." *Peterson v. Nelnet Diversified Solutions, LLC*, No. 17-cv-01604-NYW, 2018 WL 3470604 at *3 (D. Colo. Apr. 25, 2018). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)).

"A collective action under the FLSA may be maintained only by and among employees who are similarly situated." *Harris v. Startek USA Inc.*, No. 22-cv-00437-RM-SKC, 2023 WL 3976432, at *1 (D. Colo. Mar. 31, 2023). The trial court is tasked with determining who is "similarly situated" for purposes of a § 216(b) claim in a "manner that is orderly, sensible, and not otherwise contrary to statutory command or the provision of the Federal Rules of Civil Procedure." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989) (noting the court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper manner"); *see also Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (noting that the FLSA does not define "similarly situated").

The Tenth Circuit has approved a two-step certification process to determine whether putative plaintiffs meet the similarly situated requirement. *Thiessen*, 267 F.3d at 1105. Under this approach, the trial court first makes a "notice stage" determination conditionally certifying a collective of similarly situated plaintiffs. *Id.* at 1102. After discovery has closed, the court then applies a stricter standard

evaluating the "disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made the filings required by the [FLSA] before instituting suit." *Id*. at 1103 (cleaned up).

## B. Discussion

At this initial stage, the Court makes its determination by relying on the allegations in Plaintiffs' Amended Complaint and any supporting affidavits filed with the Motion. *Ward v. Express Messenger Sys., Inc.*, No. 17-cv-02005-NYW, 2018 WL 1604622, at *3 (D. Colo. Apr. 3, 2018). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Id*. (cleaned up). The burden of proof at this stage is "lenient" and typically results in conditional certification. *Miller v. Startek USA, Inc.*, No. 11-cv-0017-REB-CBS, 2011 WL 1883012, at *1 (D. Colo. May 17, 2011) (citation omitted). But the burden of proof "is not non-existent, and it cannot be satisfied simply by unsupported assertions." *Ward*, 2018 WL 1604622, at *3.

Here, Defendants do not challenge the proposed parameters of the collective or that Plaintiffs may properly represent them. And the Court is satisfied Plaintiffs have met their burden for conditional certification. The Court finds substantial allegations that the following persons are similarly situated to Plaintiffs for purposes of conditional certification:

non-management workers who have worked for the Defendants at some time between November 6, 2020, and the present, as an installer or welder.

The Court is also satisfied that Plaintiffs' proposed *Hoffman-LaRoche* Notice adequately advises potential opt-in plaintiffs of their rights and options pertaining to any potential FLSA claims they may have. *See Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, 2015 WL 3929663 at *5 (D. Colo. June 25, 2015) (internal citations omitted). Plaintiffs are authorized to disseminate the Notice and consent forms to the potential opt-in Plaintiffs.

Turning to Defendants' objections, since at most a three-year statute of limitations will apply to Plaintiffs' claims, Plaintiffs may distribute the notice to those members of the collective who worked for Defendants within three years prior to the date of the filing of this action. *See German v. Holtzman Enterprises, Inc.*, No. 19-cv-03540-PAB-STV, 2021 WL 1087718, at *3 (D. Colo. Mar. 22, 2021) ("[S]tatute of limitations arguments are better suited for later stages of the litigation.").

Next, Defendants ask the Court to limit Plaintiffs' method of distribution to traditional mail only. Defendants argue that Plaintiffs have not demonstrated the transient nature of the collective, and therefore, at most they should only be allowed to distribute via other methods if the mailed notices are returned as undeliverable. This argument is not persuasive for two primary reasons. First, it overlooks the fact that Plaintiff Conejo is currently working outside of Colorado (Dkt. 25 at ¶25); thus, there is at least some indication that the members of the collective are transient.

Second, Defendants' proposed course of action—only using other methods once postal service proves ineffective—conflicts with this Court's obligations under Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action." Waiting until mail service is returned and only then requiring Defendants to provide email addresses and permitting dissemination via email is wholly inefficient. Even more, "in this technology-driven age," the Court perceives no "valid reason why the parties should not agree to e-mail [and text] notice in the year [2025]." *Sobolewski v. Boselli & Sons, LLC*, No. 16-cv-01573-RM-STV, 2017 WL 4586108, at *3 (D. Colo. Oct. 16, 2017).[2] In the context of this case, the Court concludes notice via traditional mail, e-mail, and text message is appropriate and should be given.[3]

Finally, the Court is not persuaded by Defendants' contention that the opt-in period should be limited to 45 days simply because other courts have limited the period thusly. Courts in this district have also approved opt-in periods of 90 days,

---

[2] Defendants' concern that electronic notices are easily disseminated to other people via the internet with commentary that could distort the court-approved notice is also not persuasive because "the same can nonetheless be said of notices sent by first class mail," which can be scanned, copied, or photographed and forwarded by any number of means, including email and text. *Sobolewski*, 2017 WL 4586108, at *3.

[3] The Court will not permit notice via social media at this time. In those cases where social media is deemed an appropriate method of distribution, the court noted the relatively young age of the proposed collective. *See Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2017 WL 4418684, at *6 (D. Colo. Apr. 28, 2017) ("notice through social media platforms is particularly appropriate for classes comprised of largely young, largely transient unnamed plaintiffs"). Plaintiffs have not offered any similar information regarding the potential age of the collective in this case, thus using social media is not justified.

6

*Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2012 WL 638119 (D. Colo. Feb. 28, 2012), and 120 days, *Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-SKC, 2018 WL 3913131, at *5 (D. Colo. Aug. 16, 2018), and they regularly approved Plaintiffs' requested 60 days. *See Logan v. United Am. Sec., LLC*, No. 21-cv-00257-NYW, 2021 WL 4990305, at *3 (D. Colo. Oct. 26, 2021) ("[T]he Notice of Collective Action contains a 60-day opt-in period, which is favored in this District."). As Defendants offer no other reason to limit the opt-in period, the Court will permit a 60-day notice period.

*    *    *

For the reasons shared above, the Motion for Conditional Certification is granted in part. The Court ORDERS as follows:

1. Within 14 days of this Order, Defendants shall provide Plaintiffs (in native Excel format) with the following information for those individuals within the parameters discussed above:

    a. Full names (including known nicknames or alternative spellings);

    b. All known mailing addresses;

    c. All known phone numbers;

    d. All known email addresses;

    e. Primary language, if other than English;

    f. Dates of employment; and

    g. Positions held.

2. Plaintiffs' counsel shall propound the court-approved *Hoffman-LaRoche* Notice and consent forms as soon practicable, but no later than 14 days after receiving the foregoing information from Defendants.

3. The potential members of the collective shall have 60 days from the date of dissemination to opt-in to the litigation.

DATED: March 20, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge